IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL MAYFIELD,

        Plaintiff,

v.                                                                             No. CIV-08-0413 RB/KBM

RON TORRES, DIRECTOR, MDC,
CAPT. CORDOVA,
SGT. MORA,
OFC. J.B. REIDELL,

        Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Also before the Court are Plaintiff's motions to amend (Docs. 3, 7, 8, 15, 16) and for extension of time and service of process (Docs. 14, 17). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S.

---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint and a motion to amend, Plaintiff alleges that Defendants Reidell, Mora, and Lawson have committed a number of retaliatory acts against him.  Plaintiff also alleges that he has complained about the retaliation to Defendants Torres and Cordova, but they failed to correct the situation.  Plaintiff seeks damages and equitable relief.

No relief is available on Plaintiff's allegations against Defendants Torres and Cordova for failing to act on his grievances.  The allegations do not affirmatively link these Defendants to the asserted violations.  *Cf. Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures); *and see Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  The Court will dismiss Plaintiff's claims against Defendants Torres and Cordova.

IT IS THEREFORE ORDERED that Plaintiff's motions to amend (Docs. 3, 7, 8, 15, 16) are GRANTED, the original complaint (Doc. 1) and motion to amend (Doc. 16) are construed together as the complaint in this matter, and no further amendments will be allowed except by order of the Court;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Torres and Cordova are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to correct Defendant Reidell's name on the docket to "J.R. Reidell" and to add C.O. Lawson as a Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1 and 16), to Defendants Reidell, Mora, and Lawson;

IT IS FURTHER ORDERED that Plaintiff's motions for extension of time and for service (Docs. 14, 17) are DENIED as moot.

*[signature]*

_____
UNITED STATES DISTRICT JUDGE