UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

EARL MAYFIELD,

    Plaintiff,

v.                                                                                                              CIV 08-0413 RB/KBM

SGT. MORA, OFFICER J.R. REIDELL,
and TREAVOR L. LAWSON,

    Defendants.

## ORDER ON PENDING MATTERS

The following is a description of where this matter now stands since my last order:

*Martinez* Report.  Defendants filed a comprehensive *Martinez* Report with an accompanying motion for summary judgment.  *See Docs. 44, 45.*  Plaintiff's latest responses to the *Martinez* Report and motion for summary judgment are equally comprehensive.  *See Doc. 61, 63.*

Confiscation of Plaintiff's Copy of the *Martinez* Report.  Earlier, Plaintiff asserted that his copy of the *Martinez* Report was confiscated.  I ordered further briefing on that issue and suspended the *Martinez* Report briefing until it could be resolved.  *See Doc. 59* at 4.  There is no dispute that the *Martinez* Report was in fact

subsequently returned to Plaintiff.  *See, e.g., Doc. 60* at 1 ("Sgt. Grants did in fact return legal doc of *Martinez* Report.").

As the current briefing reveals, the *Martinez* Report was confiscated because Defendants inadvertently attached copies of "entire chapters rather than the specific policy or procedure cited to in the *Martinez* Report . . . an inadvertent mistake" and Plaintiff was "lending his copies of these documents to other inmates in the facility." *Doc. 65* at 1-2.  While the policies relevant to this proceeding

> do not contain sensitive information . . . the chapters in which the policies and procedures are located to contain sensitive information, including the hostage negotiation plan, riot plan, and emergency escape plan.  Accordingly, MDC officials determined that the continued possession of entire chapters of the MDC policies and procedures by [Plaintiff] constituted a security threat, especially since he was providing them to other inmates.  Therefore, the copies of the MDC policies and procedures were removed from Plaintiff's possession [and then] promptly [replaced] with the specific provisions of the MDC policies and procedures cited in the *Martinez* Report.

*Id.* at 2.

Plaintiff sees these actions as part of a continuing "conspiracy of retaliation" against him, but does not otherwise contradict Defendant's assertion that he was not entitled to see the materials he was given or that he was provided with replacement materials.  *See Doc. 60.*  Given the confusion, Defendants do not

2

oppose Plaintiff's request to amend his responses to the *Martinez* Report and motion for summary judgment.  *See Doc. 65* at 2-3; *see also Doc. 64* at 1-3.

Motion to Strike/Supplement & Notice of Deferred Reply.  In light of the improper attachments to the *Martinez* Report, Defendants request that certain exhibits be withdrawn and others substituted.  *See Docs. 66, 68.*  They also have understandably refrained from filing their reply pursuant to the prior *Martinez* Report briefing schedule until these substitution/amendment issues have been resolved.  *See Doc. 67.*

Now that the matter will again be coming under submission on the *Martinez* Report, Plaintiff is again notified that:

> the Court WILL NOT consider any other motions . . . prior to issuing my proposed findings. . . .   Once the [supplemental] response and reply are submitted, this matter will be taken under advisement and decided.  Because of the Court's docket and the number of matters Plaintiff has raised, I may not be able to issue proposed findings right away.

*Doc. 49.*  As before, Plaintiff is placed on notice that any unauthorized filings will be stricken.  Plaintiff is further notified that failure to abide by Court orders can result in sanctions.  *See, e.g., United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the

3

administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

Wherefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Consistent with my earlier orders, Plaintiff's allegations of a continuing pattern of retaliation will be considered when the *Martinez* Report is taken under submission and Defendants may respond to these allegations if they wish, *see, e.g., Docs. 39, 49, 59.* However, Plaintiff's motions regarding confiscation (*Docs. 54, 57)* are moot in light of the good cause shown by Defendants, and are DENIED;

2. Defendants' motion to withdraw and supplement *(Docs. 66, 68)* are GRANTED;

3. The Clerk shall STRIKE the following documents from the *Martinez* Report and remove any access to those documents:

   > Exhibit K (Docs. 44-24, 44-25, 44-26, 44-27, and 44-28);
   > Exhibit L (Docs. 44-29, 44-30, 44-31, and 44-32);
   > Exhibit M (Doc. 44-33);
   > Exhibit N (Doc. 44-34);
   > Exhibit O (Doc. 44-35); and
   > Exhibit P (Doc. 44-36);

4. The amended and redacted Exhibits K through P filed July 10, 2009 as attachments to Document 68 will be considered as the substituted exhibits to the *Martinez* Report. The Clerk shall amend the docket entry to the *Martinez* Report and to Document 68, to cross-reference and link these documents as *Martinez* Report;

5. Plaintiff's request to supplement his responses to the *Martinez* Report and motion for summary judgment (*see Doc. 64,* improperly docketed as a "response" rather than "motion") is GRANTED. Plaintiff shall

4

      file his supplemental responses to the *Martinez* Report and motion for summary judgment in A SINGLE document, and shall do so no later than Friday, July 31, 2009; and

6.    Defendants shall file their reply by Friday, August 14, 2009.

                                                    _____
                                                  UNITED STATES MAGISTRATE JUDGE